**Gail ASHLEY, Petitioner,**

v.

**Doris D. HAWKINS, Respondent.**

**No. 07–0572.**

Supreme Court of Texas.

Argued Dec. 11, 2008.

Decided June 26, 2009.

Rehearing Denied Aug. 28. 2009.

Kimberley M. Spurlock, Carrie Holman Westbrook, Clara Ines Medina, The Spurlock, Law Firm, Humble, TX, R. Brent Cooper, Diana L. Faust, Cooper & Scully, P.C., Dallas, TX, for Petitioner.

James B. Manley, James B. Manley, P.C., Cleveland, TX, for Respondent.

Rance L. Craft, James C. Ho, David S. Morales, Office of Atty. Gen., Clarence Andrew Weber, First Asst. Atty. Gen., Greg W. Abbott, Atty. Gen., Austin, TX, for Amicus Curiae.

Justice GREEN delivered the opinion of the Court.

In this case, we consider whether section 16.063 of the Texas Civil Practice and Remedies Code tolls the limitations period when a defendant leaves Texas following a motor vehicle collision, but is otherwise amenable to out-of-state service. We hold, consistent with our recent decision in *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex.2008), that section 16.063 does not apply in these circumstances, and we also overrule our decision in *Vaughn v. Deitz*, 430 S.W.2d 487 (Tex.1968). We, therefore, reverse the court of appeals' judgment and reinstate the trial court's grant of summary judgment.

## I

On May 31, 2003, Gail Ashley and Doris Hawkins were involved in a motor vehicle collision in Montgomery County, Texas. After the wreck, sometime in 2004, Ashley moved to California, leaving behind no forwarding address. On April 1, 2005, approximately sixty days prior to the expiration of the two-year limitations period, Hawkins sued Ashley, alleging personal injuries and damages related to the wreck. Although Hawkins made attempts to serve Ashley, she was not actually served until May 10, 2006, by a Sacramento County sheriff, almost one year after the limita-

tions period expired. Ashley sought summary judgment on a statute-of-limitations affirmative defense, arguing that Hawkins failed to exercise diligence in serving her. *See* Tex. Civ. Prac. & Rem.Code § 16.003(a) (setting a two-year limitations period for personal injury actions). In response, Hawkins argued that she exercised diligence in attempting to serve Ashley, and that, regardless, Ashley's absence from the state tolled the limitations period under section 16.063 of the Texas Civil Practice and Remedies Code. The trial court granted Ashley's motion, but the court of appeals reversed, holding that section 16.063 tolled the limitations period while Ashley was outside Texas. 293 S.W.3d 209. We reverse.

## II

Ashley argues that the court of appeals erred in applying section 16.063 because (1) the statute is unconstitutional under the Commerce Clause, as it burdens Ashley's right to interstate travel; and (2) alternatively, even if constitutional, the statute should apply only in very narrow circumstances, as it is inconsistent with Texas's out-of-state service provisions. Section 16.063 provides:

> Temporary Absence From State. The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

Tex. Civ. Prac. & Rem.Code § 16.063. We recently held in *Kerlin v. Sauceda*, that: "[I]f a nonresident is amenable to service of process under the longarm statute and has contacts with the state sufficient to afford personal jurisdiction ... then we can discern no reason why a nonresident's 'presence' in this state would not be estab-

lished for purposes of the tolling statute." 263 S.W.3d at 927. Under the general longarm statute, a nonresident party is amenable to service through the Secretary of State, if he or she "engages in business in this state" and the proceeding at issue "arises out of the business done in this state and to which the nonresident is a party." Tex. Civ. Prac. & Rem.Code § 17.044(b). A nonresident defendant engages in business in this state, "if, among other acts ... the nonresident *commits a tort in whole or in part in this state." Kerlin*, 263 S.W.3d at 927 (citing Tex. Civ. Prac. & Rem.Code § 17.042) (emphasis added). Thus, according to *Kerlin*, if a party engages in business in this state, then the party's presence is established, and the tolling statute does not apply. *Id.* In her petition, Hawkins alleged that Ashley committed a tort in Montgomery County, Texas. Therefore, Ashley was present in Texas and amenable to service under the longarm statute.[1]

Unlike in *Kerlin*, however, we are now squarely presented with the issue of whether we should overrule our decision in *Vaughn v. Deitz*, 430 S.W.2d 487 (Tex. 1968). In *Deitz*, we held that the tolling statute, which preceded section 16.063 of the Civil Practice and Remedies Code, applied to an out-of-state defendant, despite the existence of former article 2039a (now codified as Tex. Civ. Prac. & Rem.Code § 17.062),[2] which provided for out-of-state service through the Chairman of the State Highway Commission. 430 S.W.2d at 490. In *Kerlin*, we recognized that *Deitz* did not address the effect of the general longarm statute, only the impact of amenability to service through the Chairman of the State Highway Commission (now the Chairman of the Texas Transportation Commission). 263 S.W.3d at 927; *see also* Tex. Civ. Prac. & Rem.Code § 17.062.[3] The general longarm statute not only provides for substituted service, but also establishes a nonresident's presence in the state for purposes of personal jurisdiction. *Kerlin*, 263 S.W.3d at 927. Former article 2039a, the statute addressed in *Deitz*, and current section 17.062, provide only for substitute service, but do not define a defendant's "presence." *Id.*

 *Kerlin* did not involve an automobile accident, so substituted service through the Texas Transportation Commission was not possible. Here, although Hawkins did not choose to pursue these options, Ashley was amenable to service under both section 17.062 (service on the Chairman of the Transportation Commission) and section 17.044 (service on the Secretary of State) of the Civil Practice and Remedies Code. Thus, we are presented with a conflict: *Deitz* says a defendant is not "present" in Texas for purposes of the tolling statute, even if amenable to

---

1. Ashley has not alleged she does not have "contacts with the state sufficient to afford personal jurisdiction." *Kerlin*, 263 S.W.3d at 927.

2. Act of May 8, 1959, 56th Leg., R.S., ch. 502, § 1, 1959 Tex. Gen. Laws 1103, 1103–04 (now codified at Tex. Civ. Prac. & Rem.Code § 17.062).

3. This section provides:

 **Substituted Service On Chairman of Texas Transportation Commission**
 (a) The chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or accident in which the person or his agent is involved while operating a motor vehicle in this state.
 (b) Process may be served on the chairman in accordance with this section for a nonresident who was a resident at the time the cause of action accrued but has subsequently moved from the state.
 Tex. Civ. Prac. & Rem.Code § 17.062.

service through the Chairman of the Highway (Transportation) Commission, whereas *Kerlin* says a defendant is "present" if amenable to service under the general longarm statute. *Compare Kerlin*, 263 S.W.3d at 927, *with Deitz*, 430 S.W.2d at 490. These differing standards are unworkable and inefficient, and will only serve to create confusion when litigants attempt to determine if the tolling statute applies to their cases. *Cf. Sw. Bell Tel. Co., L.P. v. Mitchell*, 276 S.W.3d 443, 447 (Tex.2008). ("We adhere to our precedents for reasons of efficiency, fairness, and legitimacy . . . ." (internal quotations omitted)).[4] Therefore, we overrule *Deitz* and hold, as we did in *Kerlin*, that a defendant is "present" in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as long as the defendant has "contacts with the state sufficient to afford personal jurisdiction." *Kerlin*, 263 S.W.3d at 927. In most cases, the general longarm statute will establish this "presence," as its "broad doing-business language 'allows the statute to reach as far as the federal constitutional requirements of due process will allow.'" *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex.2009) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex.2007)).

Because we hold that section 16.063 does not toll the limitations period, Hawkins was required to file suit and serve Ashley by May 31, 2005. She failed to serve Ashley by this date, so we must consider whether Hawkins exercised due diligence in pursuing service after the limitations period expired.[5]

## III

If a party files its petition within the limitations period, service outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant. *Gant v. De-Leon*, 786 S.W.2d 259, 260 (Tex.1990) (per curiam) (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975) (per curiam)). When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex.2007) (per curiam) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990)). Diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* at 216. Although a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, "when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* Thus, Hawkins has the burden to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.*

---

4. *Deitz's* continuing application may also pose constitutional problems. *See, e.g., Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 892–94, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988) (holding that states cannot condition limitations statutes on requirement that nonresidents appoint a local agent for service); *see also Key Western Life Ins. Co. v. State Bd. of Ins.*, 163 Tex. 11, 350 S.W.2d 839, 849 (1961) ("[I]f possible, it is the duty of the courts to construe a statute in such a way as to avoid repugnancy to the Constitution.").

5. Because we hold that section 16.063 does not apply in this instance, we do not reach Ashley's constitutional argument. Nor do we consider whether the constitutional argument was waived by Ashley's failure to specifically present it at the court of appeals or in her petition for review.

Hawkins alleges the collision occurred on May 31, 2003, setting May 31, 2005, as the date the two-year limitations period expired. TEX. CIV. PRAC. & REM.CODE § 16.003(a) (setting a two-year limitations period for personal injury actions). In her motion for summary judgment, Ashley pointed out that she was not served until May 10, 2006, almost a year after the limitations period expired. Therefore, the burden shifted to Hawkins to explain how she was diligent in attempting to serve Ashley. *See Proulx,* 235 S.W.3d at 216. The record reflects that Hawkins filed suit on April 1, 2005, and the clerk first mailed service to Ashley in Conroe, Texas, at an address found on Ashley's Texas drivers license and on the accident report. This citation was returned unclaimed. Then, on June 7, 2005, Hawkins requested, and the clerk mailed, service to an address in Sacramento, California. This was returned on July 27, 2005. No other service was attempted until March 17, 2006, at which time Hawkins provided the clerk with a new address in Rio Linda, California. Almost two months later, a Sacramento County sheriff personally served Ashley at that address. However, a period of almost eight months lapsed between July 27, 2005 and March 17, 2006. During this time, the record reflects that the trial court twice set the case for dismissal based on a want of prosecution, dismissing it on January 17, 2006, only to reinstate it following a motion by Hawkins. In her response to the motion for summary judgment, Hawkins asserted that she made a diligent

effort to serve Ashley, citing the two attempts at service in April and June of 2005, and also explaining:

> Counsel for [Hawkins] and his assistants have spent approximately twenty (20) hours searching for [Ashley's] whereabouts. Many search engines, including Zabasearch, Google, DCS Information Systems (a reliable intelligence source for business), People Search, Intelius, and other sources have been utilized. Counsel for [Hawkins] personally went to the last known address of [Ashley] and canvassed the apartment project where she once resided. Although [Ashley] moved to California many months before she was finally served, she never changed her address on her driver's license.

> [Ashley] was finally located at a different address in Rio Linda, California and served with citation.

Hawkins also attached an affidavit from her counsel, stating that he was a licensed private investigator for over fifteen years, that he is "acquainted with the resources utilized by private investigators in skip tracing," and that he utilized those resources in attempting to locate Ashley. In addition to the methods listed in the motion, the affidavit listed other websites and public records he searched. She also contended that the Montgomery County Voter Registration Database listed Ashley's address in Conroe, Texas.[6]

We agree with the trial court and hold that, as a matter of law, Hawkins' respons-

---

**6.** Hawkins also incorporated, by reference, her earlier motion to reinstate her dismissed case, filed January 31, 2006. This motion is almost verbatim to the response to the motion for summary judgment, and also includes the argument that twenty hours had been expended on searching for Ashley, and that she had been located in Rio Linda, California. So it is clear from this motion that no additional time was expended between January 31, 2006, and

March 17, 2006. In fact, this motion makes clear that Hawkins was aware of Ashley's location almost two months prior to actually serving her. While an almost two-month delay would not amount to a lack of diligence as a matter of law under many circumstances, Hawkins's effort here, coupled with the almost five months of unexplained gap from July of 2005 to January of 2006, amounts to a lack of diligence as a matter of law.

es do not create a fact issue as to diligence, as this eight-month gap in time is left unexplained. *See, e.g., Gant,* 786 S.W.2d at 260. Hawkins stated that she spent approximately twenty hours searching for Ashley, although she does not specify when this time was spent. Either these twenty hours were expended early on, in which case, the diligence of the search later ceased; or, these hours were spread over eight months, in which case the search was never diligent. Either way, Hawkins failed to meet her burden.

■ As a comparison, in *Proulx,* we held that a plaintiff's thirty-seven attempts at five different addresses over the course of nine months exhibited continuing diligence to preclude summary judgment. 235 S.W.3d at 217. After numerous unsuccessful attempts at effectuating service, the plaintiff in *Proulx* sought substitute service because it was clear the defendant was attempting to evade service by "moving from relative to relative and doing his best to avoid service from the courts and creditors." *Id.* In *Gant,* however, we held that a plaintiff was not diligent as a matter of law where no explanation was offered for gaps in service for three different periods ranging from six to twenty months. 786 S.W.2d at 260 (citing cases with seventeen, ten, six, seven, and three month gaps). These cases clarify that, while the time period is important, it is not necessarily determinative of the question of diligence. Rather, we must consider the overall effort expended over the gap in service, and whether the search ceased to be reasonable, especially when other methods of service were available. *See Proulx,* 235 S.W.3d at 217; *Gant,* 786 S.W.2d at 260.

■ Notably, the record does not indicate that Hawkins attempted any form of service other than service by mail or delivery. If Hawkins was unable to locate Ash-

ley, or if Hawkins thought Ashley was evading service, other methods of service were available. In particular, no substitute service such as service by publication was attempted. *See* Tex.R. Civ. P. 109 (providing for service by publication when defendant's residence is unknown, the defendant is transient, or the defendant is absent or is a nonresident of the state); *see also Parmer v. DeJulian,* No. 12–07–00479–CV, 2008 WL 4225994, *6 (Tex. App.-Tyler Sept.17, 2008, no pet.) (mem. op., not designated for publication) (finding lack of diligence as a matter of law where plaintiff relied on its own efforts only to locate defendant over a one-year period, rather than resorting to other methods such as hiring a private investigator or process server, or performing citation by publication); *Hodge v. Smith,* 856 S.W.2d 212, 215–17 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (finding diligence was not lacking as a matter of law where plaintiff requested service by publication, four months after suit was filed and after other attempts to locate the defendant). Hawkins recognized its availability by stating, in her October 11, 2005, motion to retain the case on the court's docket, that she "utilized various investigative resources to no avail" and that she "would like additional time to locate [Ashley] before resorting to service by publication[,] which is expensive." But from the time of that motion, an additional five months lapsed before service was attempted and seven months lapsed until service was achieved. Although service by publication should not be a first resort, when a plaintiff is continuously unable to locate a defendant, its availability should not be overlooked. *See Wood v. Brown,* 819 S.W.2d 799, 800 (Tex. 1991) (per curiam) (noting that service by publication is to be used only if the requirements of Rule 109 of the Texas Rules of Civil Procedure are met); *see also Car-*

*ter v. MacFadyen,* 93 S.W.3d 307, 314–15 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) ("A flurry of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored.").

## IV

For these reasons, we reverse the court of appeals' judgment and reinstate the trial court's grant of summary judgment in favor of Ashley.