Reversed and Rendered and Opinion filed February 23, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00568-CV



 

Jessica Zavadil, Appellant

V.

Safeco Insurance Company of
IlLinois, Appellee

 



On Appeal from the County Court
at Law No. 1

Harris County, Texas

Trial Court Cause No. 930154



 

OPINION

            In this
negligence suit arising from a motor vehicle accident between two individuals,
both of whom resided in Texas at all relevant times, it is undisputed that suit
was filed more than two years after the cause of action arose.  The dispositive
question in this appeal is whether the limitations period was tolled during each
of the approximately fourteen days during the two-year limitations period that the
resident defendant spent outside Texas.  Because we conclude that these travels
do not constitute “absence from the state” as this language from the tolling
statute[1]
has been interpreted by the Texas Supreme Court, we reverse the trial court’s
denial of appellant’s summary-judgment motion and its grant of appellee’s
cross-motion, and we render judgment dismissing the suit with prejudice. 

I.  Factual
and Procedural Background

            Appellant Jessica
Zavadil, a Texas resident, was involved in an automobile accident with
Zongliang Tang on November 18, 2006.  On December 1, 2008, Tang’s insurer,
appellee Safeco Insurance Company of Illinois (“Safeco”) filed suit against
Zavadil for negligence.  Zavadil was served on December 16, 2008.[2] 


            Zavadil moved for final
summary judgment on the affirmative defense of limitations, arguing that the
suit is time-barred under the two-year statute of limitations applicable to
negligence actions.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2009).  Safeco
filed a cross-motion for partial summary judgment, relying on Zavadil’s
stipulation that she traveled outside Texas on various occasions during the period
from November 18, 2006 through December 1, 2008, and the time that she spent
outside the state totaled at least fourteen days.  Thus, Safeco argued, section
16.063 of the Texas Civil Practice and Remedies Code tolled the limitations
period for a total of fourteen days, and this suit, filed two years and thirteen
days after the accident, is timely.

The trial court denied Zavadil’s
summary-judgment motion and granted Safeco’s motion for partial summary
judgment.  Zavadil now brings this agreed interlocutory appeal.  See Tex. R. App. P. 28.2.  

II.  Issues Presented

            In five issues, Zavadil
challenges the trial court’s ruling that the statute of limitations was tolled
pursuant to Texas Civil Practice and Remedies Code section 16.063.  In her
first and third issues, she contends that the statute is not meant to apply
every time a Texas resident leaves the state’s boundaries for a vacation or a
business trip such that plaintiffs are given additional time to file an
otherwise time-barred suit even though the Texas resident defendant is
consistently available for service of process purposes.  In her second issue,
she argues that she was not “absent” from the state as that term has been
defined by the Texas Supreme Court in two recent decisions.  She contends in
her fourth issue that section 16.063 violates the federal Commerce Clause, and
in her fifth issue, she argues that the statute violates the Due Process and
Equal Protection Clauses of both the state and federal constitutions.

III.  Standard of Review

Generally, when we review
cross-motions for summary judgment, we consider both motions and render the
judgment that the trial court should have rendered. Coastal Liquids Transp.,
L.P. v. Harris County Appraisal Dist., 46 S.W.3d 880, 884 (Tex. 2001).  In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue
of material fact and it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Am. Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  To demonstrate its
entitlement to traditional summary judgment, a defendant must conclusively
negate at least one essential element of each of the plaintiff’s causes of
action or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Evidence is
conclusive only if reasonable people could not differ in their conclusions.  City
of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Once the defendant
establishes its right to summary judgment as a matter of law, the burden shifts
to the plaintiff to present evidence raising a genuine issue of material fact. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678–79 (Tex.
1979).

IV.  Analysis

            The dispositive issue in
this appeal is whether Texas Civil Practice and Remedies Code section 16.063
tolls the statute of limitations against a Texas resident for each day that the
resident is beyond our state’s borders.  Section 16.063 provides that “[t]he
absence from this state of a person against whom a cause of action may be
maintained suspends the running of the applicable statute of limitations for
the period of the person’s absence.”  Under recent Texas Supreme Court cases,
one who is subject to personal jurisdiction in Texas courts, and amenable to
service of process, is not “absent” from the state for the purposes of section
16.063.

A.        Kerlin v. Sauceda

            In Kerlin, the
Texas Supreme Court was asked to construe the tolling statute, section 16.063. 
See Kerlin v. Sauceda, 263 S.W.3d 920 (Tex. 2008).  In Kerlin, (1) the
defendant did not reside in Texas, either at the time the cause of action arose
or at the time suit was filed; (2) a jury found that Kerlin was not
physically present in Texas when the cause of action arose; and (3) citation
was pursued through the Secretary of State pursuant to the Texas longarm
statute.  See id. at 922–24.  The Texas Supreme Court stated: 

[I]f a nonresident is amenable to service of process under
the longarm statute and has contacts with the state sufficient to afford
personal jurisdiction . . . then we can discern no reason
why a nonresident’s ‘presence’ in this state would not be established for
purposes of the tolling statute.

Id. at 927.  The court held that “the
statute of limitations was not tolled because, under the general longarm
statute, Kerlin was present in the state.”  Id. at 928.  

B.        Ashley v. Hawkins

            The parties in Ashley
were Texas residents when they were involved in an automobile collision, and
the driver of one of the vehicles subsequently moved to another state.  Ashley
v. Hawkins, 293 S.W.3d 175, 177 (Tex. 2009).  The Ashley plaintiff
served the defendant under the longarm statute; thus, the Texas Supreme Court
was squarely presented with the question of “whether section 16.063 of the
Texas Civil Practice and Remedies Code tolls the limitations period when a
defendant leaves Texas following a motor vehicle collision, but is otherwise
amenable to out-of-state service.”  See id.  It concluded that “a
defendant is ‘present’ in Texas, for purposes of the tolling statute, if he or
she is amenable to service under the general longarm statute, as long as the
defendant has ‘contacts with the state sufficient to afford personal
jurisdiction.’”  Id. at 179.  The court held that section 16.063 did not
toll the limitations period.  Id.

            The holdings in Kerlin
and Ashley apply with even greater force in this case, where the
defendant has never ceased to be a Texas resident since the cause of action
accrued.  Zavadil’s brief intermittent excursions outside of the territorial
boundaries of Texas did not affect the ability of state courts to exercise
personal jurisdiction over her, for it is axiomatic that “residence in a state
is a valid basis for the exercise of in personam jurisdiction.”  J.M.R. v.
A.M., 683 S.W.2d 552, 557 (Tex. App.—Fort Worth 1985, writ ref’d n.r.e.)
(citing Bulova Watch Co. v. Steele, 194 F.2d 567, 571 (5th Cir.), aff’d,
344 U.S. 280, 73 S. Ct. 252, 97 L. Ed. 319 (1952)).  Moreover, it is undisputed
that she was at all times amenable to service.  See also Tex. R. Civ. P. 106, 108 (pursuant to
these rules, it is not necessary that a Texas resident be personally served
within the state).  Thus, under the reasoning of Kerlin and Ashley,
Zavadil has not been “absent” from Texas for the purposes of section 16.063,
and therefore section 16.063 did not toll the limitations period.  

V.  Conclusion

            In accordance with Kerlin
and Ashley, we conclude that Zavadil has not been “absent” from the
state for the purposes of Texas Civil Practice and Remedies Code section
16.063.  We therefore sustain Zavadil’s first, second, and third issues, hold that
Safeco’s suit is time-barred, reverse the trial court’s denial of Zavadil’s
motion for summary judgment and its grant of Safeco’s motion for partial
summary judgment, and render judgment dismissing Safeco’s suit with prejudice. 
In light of our disposition of these issues, we do not reach Zavadil’s two
remaining issues.

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice

 

Panel
consists of Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.*









[1]
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.063 (Vernon Supp. 2009).





[2]
Safeco contends that it mailed the petition on November 28, 2008, and thus,
under Texas Rule of Civil Procedure 5, suit is deemed filed that day.  We
disagree.  Under Rule 5, documents properly addressed, stamped, and mailed by
first-class United States mail “on or before the last day for filing same” are
“deemed filed in time” if received by the court clerk “not more than ten days
tardily.”  Tex. R. Civ. P. 5. 
Because Safeco’s petition was not mailed “on or before the last day for
filing same,” Rule 5 does not apply; thus, suit was instituted when the
petition was received by the clerk on December 1, 2008.





* Senior
Justice Margaret Garner Mirabal sitting by assignment.