In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00705-CV

———————————

NETCO, Inc., Appellant

V.

Diana
Montemayor and Ludiviana flores, Appellees



 



 

On Appeal from the 11th District Court 

Harris County, Texas



Trial Court Case No. 2006-36666

 



 

DISSENTING OPINION

Because I believe that, as a matter of law, Montemayor and
Flores did not exercise due diligence in serving NETCO, I respectfully dissent.

Montemayor and Flores filed suit on April 18, 2007, which was
within the four-year limitations period that began to run on December 10,
2003.  However, NETCO was not served with
the lawsuit until April 15, 2008, over four months after limitations had expired.

If a plaintiff files a petition within the limitations
period, service outside the limitations period may still be valid if the
plaintiff exercises diligence in procuring service on the defendant.  Ashley
v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009); Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam)
(citing Zale Corp v. Rosenbaum, 520
S.W.2d 889, 890 (Tex. 1975) (per curiam)).  Once a defendant has affirmatively pleaded the
defense of limitations and shown that service was untimely, the burden shifts
to the plaintiff to prove diligence in her efforts to effectuate service.  Ashley,
293 S.W.3d at 179; Proulx v. Wells,
235 S.W.3d 213, 216 (Tex. 2007) (per curiam). 
Diligence is determined by asking “whether the plaintiff acted as an
ordinarily prudent person would have acted under the same or similar circumstances
and was diligent up until the time the defendant was served.”  Ashley,
293 S.W.3d at 179; Proulx, 235 S.W.3d
at 216.  The duty to use due diligence
continues from the date the suit is filed until the date the defendant is
actually served.  Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.]
1999, pet. denied).  Although ordinarily
a fact question, a plaintiff’s evidence may demonstrate a lack of diligence as
a matter of law “when one or more lapses between service efforts are unexplained
or patently unreasonable.” Ashley,
293 S.W.3d at 179; Proulx, 235 S.W.3d
at 216. The plaintiff has the burden to “explain every lapse in effort or
period of delay.”  Proulx, 235 S.W.3d at 216 (citing Gant, 786 S.W.2d at 260).

Here, the jury found that Montemayor and Flores exercised due
diligence in serving NETCO.  NETCO argues
that, because it proved a lack of diligence as a matter of law, the trial court
erred in overruling its motion for JNOV. 
I agree. 

One month after the suit was filed, Montemayor and Flores
made four successive attempts to serve NETCO at the same address.  All four attempts were returned for an
insufficient or undeliverable address. 
Then, for almost six months, Montemayor and Flores made no attempts at
all to serve NETCO.  Their attorney,
Debra Jennings, admitted that after the previous failed attempts at service,
“[n]othing prevented me from [attempting service through the Secretary of
State].  It’s a choice.  The cheaper, less costly way is to serve them
by certified mail, which will cost you about five bucks.”  

Limitations ran on December 3, 2007.  In early January 2008, after almost six months
of unexplained inaction, Jennings made two attempts to have the Texas
Department of Insurance serve NETCO, despite having been told by the Department
that NETCO was not an insurance company.  Finally, on March 31, 2008—almost one year after suit was filed
and almost 3 months after her last contact with the Department of Insurance—Jennings hired a private process
server to attempt service, the first of which was made at the same address as
the four previous, unsuccessful attempts. 
When the private process server was twice unsuccessful, service was
finally accomplished via substituted service on the Secretary of State on April
15, 2008—almost
one year after suit was filed.

Courts have routinely held claims to be time-barred as a
matter of law for similar lapses in diligence. See, e.g., Webster v. Thomas,
5 S.W.3d 287, 289-90 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding no
due diligence as matter of law when evidence showed plaintiff’s actions over
four months were not designed to procure issuance and service of citation); Butler
v. Ross, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(holding five-and-one-half months of inactivity and no service efforts between
failed attempts at incorrect address and proper service at the correct address
constituted a lack of due diligence); Hansler v. Mainka, 807 S.W.2d 3, 5
(Tex. App.—Corpus Christi 1991, no writ) (stating that request for service five
months after suit was filed affirmatively demonstrated lack of due diligence); see
also Gant, 786 S.W.2d at 260 (holding that plaintiff failed to exercise due
diligence as matter of law because he provided no explanation for delays in
service for three periods totaling thirty-eight months).

In Taylor v. Thompson,
the plaintiff filed her lawsuit almost five months before limitations expired,
but made no service attempts until two days before limitations ran, and finally
accomplished service almost one month after limitations expired.  4 S.W.3d at 65.  This Court—noting that the duty to exercise
due diligence continues from the time suit is filed until service is
accomplished——held that because the plaintiff did not offer any explanation for
her failure to attempt service in the four months after her suit was filed
until two days before limitations ran, she did not show due diligence as a matter
of law.  Id. at 65–66.

Because there is no evidence in the record explaining
Montemayor’s and Flores’s lapses in service attempts from June 20, 2007 to
January 7, 2008 and again from January 8, 2008 to March 31, 2008, I would hold
that as a matter of law, NETCO has established that Montemayor and Flores did
not exercise due diligence in their attempts to serve NETCO.  Accordingly, I would hold that the trial
court erred in not granting NETCO’s motion for JNOV and not setting aside the jury’s
finding that the Montemayor and Flores exercised due diligence in serving
NETCO. 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice