# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00795-CV

Jennifer Samaniego, Appellant

v.

Alieda Silguero, Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-13-004032, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jennifer Samaniego appeals from a summary judgment granted on limitations grounds to appellee Alieda Silguero in a personal-injury suit. For the reasons explained below, we will affirm the county court's summary judgment.

## Background

On May 2, 2011, Samaniego and Silguero were involved in an automobile collision from which Samaniego claims bodily injuries. Samaniego filed a personal-injury suit against Silguero in Travis County Court at Law No. 2 on May 2, 2013. That same month, Samaniego made two unsuccessful attempts to serve Silguero at separate addresses.

Five months later, in early October 2013, Samaniego learned that her lawyer had suffered a stroke and would no longer be practicing law. Samaniego engaged new counsel

six months later, in April 2014, whereupon she filed an amended petition and a new citation issued. Samaniego served Silguero with the new citation on June 11, 2014, using substituted service.

Silguero filed an answer denying Samaniego's claims and asserting an affirmative defense under the two-year statute of limitations for personal-injury claims.[1] Silguero later filed a motion for summary judgment on the limitations issue, asserting that she was entitled to judgment as a matter of law because she had not been served with citation until thirteen months after the statute of limitations had expired. In response, Samaniego explained that she had made two attempts to serve Silguero at two separate addresses in May 2013; that her previous counsel had suffered a stroke in October 2013, leaving her without an attorney; that it took her "some time" to obtain her files and begin seeking new counsel; and that she hired new counsel in April 2014. She also offered in her response that she "acted with due diligence in acquiring counsel within a few months" after her previous counsel's incapacity and that her new counsel "made the necessary arrangements to acquire service as efficiently as possible." The county court granted Silguero's motion, and Samaniego now appeals from that summary judgment.

**Discussion**

In her sole issue on appeal, Samaniego contends the county court erred in granting summary judgment on limitations grounds because a genuine issue of material fact exists as to whether she exercised due diligence in obtaining service on Silguero.[2] We disagree.

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (limitations for personal-injury claims).

[2] We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant—Samaniego in this case—and indulge every reasonable inference, resolving

Once a summary-judgment movant establishes, as Silguero did here, that the underlying action was timely filed, but that he was not served with the citation within the applicable limitations period, the burden shifts to the nonmovant to present evidence that explains the delay in service, including the efforts that were made to serve the defendant and the reasons for every lapse in effort or period of delay.[3] The relevant inquiry in assessing diligence is "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served."[4] Generally, whether a plaintiff exercised diligence in effecting service is a question of fact that is determined by examining the time it took the plaintiff to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service.[5] Certain excuses, however, including "when one or more lapses between service efforts are unexplained or patently unreasonable," demonstrate a lack of diligence as a matter of law and will not preclude summary judgment.[6] If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, then the burden

---

any doubts in the nonmovant's favor. *Id.* Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

[3] *Proulx v. Wells*, 235 S.W.3d 213, 217 (Tex. 2007) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)); *see Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("To 'bring suit' within the two-year statute of limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process.").

[4] *Ashley v. Hawkins*, 293 S.W.3d 175, 180 (Tex. 2009) (quoting *Proulx*, 235 S.W.3d at 216).

[5] *Proulx*, 235 S.W.3d at 216.

[6] *Ashley*, 293 S.W.3d at 180 (citing *Proulx*, 235 S.W.3d at 216).

shifts to the defendant to conclusively show that, as a matter of law, the plaintiff's explanation is insufficient.[7]

Applying our summary-judgment standard of review—i.e., taking as true all evidence favorable to Samaniego and indulging every reasonable inference and resolving any doubts in Samaniego's favor[8]—we hold that Samaniego's explanation falls below the required "due diligence" as a matter of law. After waiting two years to file suit, Samaniego did not serve Silguero until more than a year after she had filed suit. Although she attributes six months of this delay to her inability to find new counsel after her counsel suffered a stroke, the applicable standard is whether she exercised reasonable diligence *in procuring service*, not in procuring counsel.[9] As such, Samaniego's argument requires accepting her unsupported premise that diligent efforts to obtain new counsel are diligent acts in furtherance of service.[10] But the only summary-judgment evidence Samaniego offers regarding her diligence in obtaining new counsel are the October 1, 2013 letter informing her of her prior counsel's incapacity, her implication that she had difficulty obtaining her files from his office, and her assertion that she hired new counsel in late April 2014. And the letter, rather than support a claim of diligence, suggests that she did not take advantage of the opportunities for obtaining new counsel made available to her:

---

[7] *Proulx*, 235 S.W.3d at 216.

[8] *See* Tex. R. Civ. P. 166a(c); *Valence*, 164 S.W.3d at 661.

[9] *See Proulx*, 235 S.W.3d at 216.

[10] *See Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (declining to view as "further[ing] service" plaintiff's calling the wrong clerk's office and sending the petition to the wrong precinct).

4

> Attorney Thomas A. Crosley has been appointed by the Bexar County District Court to review Mr. White's files and attempt to make arrangements for the orderly transfer of your client files. If your case is a personal injury matter, and you would like him to, Mr. Crosley may be able to take over the handling of your case. . . . Otherwise, Mr. Crosley will attempt to assist you in finding a new attorney.

She is also urged in the letter to contact the Mr. Crosley to "schedule a meeting to discuss [he]r case within the next two weeks," but in her summary-judgment response she implies a delay: "After some time, I was able to obtain her file from [prior counsel's office] and began seeking new counsel." Samaniego's summary-judgment evidence does not detail or explain this implied delay, when or if she contacted Mr. Crosley, whether she attempted to engage his services, whether she accepted his help in finding new counsel, and what that help was, if she accepted it. To that extent, Samaniego's evidence fails to establish diligence in seeking counsel under the standards applicable here.[11]

Even if we were to accept that Samaniego was diligent in obtaining counsel and the premise that efforts to obtain counsel are in furtherance of service, however, the unexplained gaps in her efforts to effect service require us to conclude that she was not diligent as a matter of law.[12] Her summary-judgment evidence shows that there were two attempts to serve Silguero in May 2013—the same month she filed her petition—but she does not explain why those attempts were unsuccessful or why there were no additional attempts to serve (or locate) Silguero in the following four months before her counsel was incapacitated by stroke. Relatedly, Samaniego does

---

[11] *See Proulx*, 235 S.W.3d at 216 (noting that where there are one or more lapses between service efforts that are unexplained, plaintiff's explanation demonstrates lack of due diligence as a matter of law).

[12] *See id.*

5

not explain the why there even was a delay when she was ultimately able to effect substituted service on Silguero at one of the addresses used in the failed May 2013 attempts. In sum, Samaniego's evidence leaves unexplained gaps, which demonstrates a lack of due diligence as a matter of law.[13] Accordingly, summary judgment was proper.[14] We overrule Samaniego's issue.

## Conclusion

Having overruled Samaniego's sole issue, we affirm the county court's grant of summary judgment.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: July 28, 2016

---

[13] *See id.*

[14] *See* Tex. R. Civ. P. 166a.