

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00033-CV

**THERESA ALBRIGHT,**

Appellant

v.

**DR. JUSTIN SHIELDS, PT, DPT,**

Appellee

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 94720**

## MEMORANDUM OPINION

Theresa Albright filed a healthcare liability suit against Definitive Rehab and Pain Management, Inc. and Dr. Justin Shields, PT, DPT. The trial court granted Shields's motion for summary judgment, dismissed all of Albright's claims against Shields, and severed the cause of action against Shields. Albright appeals from the trial court's order granting Shields's motion for summary judgment. We affirm.

## BACKGROUND FACTS

Albright alleged that on October 8, 2014, she suffered a foot injury while receiving physical therapy treatment at Definitive Rehab. Albright filed suit against Shields and Definitive Rehab on October 08, 2016, the date the two-year limitations period expired. Definitive Rehab was served with process on January 3, 2017 and answered on March 3, 2017.

On November 13, 2017, Albright filed a motion for substituted service for Shields, and the trial court held a hearing on the motion on February 9, 2018. The trial court denied the motion on February 16, 2018 finding that Albright failed to meet the requirements of Rule 109 of the Texas Rules of Civil Procedure in that "the diligence exercised by the process server as testified to 'in attempting to ascertain the residence or whereabouts' of Dr. Justin Shields is insufficient in the context of this case as a matter of law."

Shields was served at his residence in Midlothian, Texas on February 13, 2018, and the return of service was filed on February 16, 2018. Shields filed his answer on February 22, 2018 asserting the statute of limitations as a defense. Shields filed a motion for summary judgment arguing that he was not served within the statute of limitations period. After a hearing, the trial court granted the motion.

**ISSUE ON APPEAL**

In her sole issue, Albright argues that the trial court erred in granting Shields's motion for summary judgment. Albright contends that the trial court erred in finding as a matter of law that she failed to exercise due diligence in the service of process.

**BURDEN OF PROOF**

In *Proulx v. Wells*, the Court addressed the summary judgment burden when the question of diligence of service is presented. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). When a defendant has affirmatively plead a limitations defense and shows that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Proulx v. Wells*, 235 S.W.3d at 216. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Proulx v. Wells*, 235 S.W.3d at 216. In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue, and the defendant will bear no burden at all. *Id*. In others, the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *Id*. If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id*.

## DILIGENCE

The record shows that Albright served Shields after the expiration of the limitations period. Therefore, the burden shifted to Albright to show explain the delay.

Diligence is determined by asking whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *Proulx v. Wells*, 235 S.W.3d at 216. Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id*. A plaintiff's explanation may demonstrate a lack of diligence as a matter of law, when one or more lapses between service efforts are unexplained or patently unreasonable. *Ashley v. Hawkins*, 293 S.W.3d at 179. We must consider the overall effort expended over the gap in service, and whether the search ceased to be reasonable, especially when other methods of service were available. *Ashley v. Hawkins*, 293 S.W.3d at 181.

Albright states that her summary judgment evidence establishes:

[t]here were no gaps in search efforts or attempts, all delays in service were explained by daily one hour searches for an address at which to serve Dr. Justin Shields, 62 search and service attempts were made to serve Dr. Justin Shields at 17 different addresses, Shields had no electronic record of a current residential or employment address since all information available was historic and dated back to between 2013 to 2014, and there is evidence that Dr. Justin Shields did not want to be found.

Albright presented a detailed log as summary judgment evidence to support her diligence in attempting to serve Shields. Albright provided fifteen addresses that

included business and residential property where she attempted to serve Shields. Albright made multiple attempts at some of those addresses even after learning the Shields did not live there or was not employed there.

The summary judgment evidence contains the affidavit of the process server hired by Albright. That affidavit indicates that there was no attempt at service between March 4, 2017 and October 17, 2017. During that time, the summary judgment evidence shows that Albright conducted internet searches including searches of the Ellis County, Johnson County, and Hill County Appraisal District websites and rental property websites. Albright further searched the phonebook and drove by potential residences for Shields. Albright also contacted the Texas Board of Physical Therapy for a current address for Shields.

Albright contacted an investigator in December 2016. The investigator told her that Justin Shields is a common name and that she would need another piece of personal information. Albright did not contact the investigator again until February 2018 when she had a last known address for Shields. The investigator ran a search and tracked Shields that same day.

It was Albright's burden to present evidence regarding the efforts she made to serve Shields and to explain every lapse in effort or period of delay. There was a seven-month period where there was no attempt to serve Shields. We must consider the overall effort expended over the gap in service, and whether the search ceased to be reasonable,

especially when other methods of service were available. *Ashley v. Hawkins*, 293 S.W.3d at 181. Albright conducted internet searches and made phone calls during that time to locate Shields. In *Ashley v. Hawkins*, the Court found that internet searches of websites used to locate people and searches of public records did not explain an eight-month gap in time and did not create a fact issue as to diligence. *Ashley v. Hawkins*, 293 S.W.3d at 180-181.

Albright did not employ an investigator during this time, and although she previously contacted an investigator, she did not attempt to provide the investigator contacted with any additional personal information to aid in the search. When Albright provided the investigator with additional information, the investigator tracked Shields that same day. In *Proulx v. Wells*, the plaintiff utilized two process servers and two investigators to locate the defendant. The Court considered that as evidence showing diligence. *Proulx v. Wells*, 235 S.W.3d at 217.

Albright served Definitive Rehab on January 3, 2017, and Definitive Rehab filed an answer on March 3, 2017. Albright did not utilize available discovery methods to obtain Shields's address from Definitive Rehab.

Unlike *Proulx v. Wells*, the evidence does not show that Shields was attempting to avoid service. *Proulx v. Wells*, 235 S.W.3d at 217. Shields filed an affidavit in which he states that from 2013 through November 2017, he resided at 115 Hancock Street, Venus, Texas 76084 and that he moved to his current residence at 801 Green Acres, Midlothian,

Texas 76065 in November 2017. Further, Shields stated that his employment with Definitive Rehab ended in February 2015. He worked at Select Rehabilitation in Glen Rose from July 2015 until November 2016. He is currently employed by Arlington Orthopedic Associates in Arlington, Texas where he has been employed since November 2016.

The trial court did not err in finding that Albright's explanation demonstrated a lack of diligence as a matter of law.

Albright further argues that the trial court erred in holding her to a higher standard of diligence than the law in Texas requires. Albright contends that because Shields is a Doctor of Physical Therapy, the trial court required an extra layer of diligence. The record does not support Albright's argument. We overrule Albright's sole issue on appeal.

CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed August 19, 2020
[CV06]

