**Opinion issued June 26, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00002-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**ADAEZE SHAVON MEKA, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-76033**

---

### MEMORANDUM OPINION

The City of Houston (the City) appeals from the trial court's denial of its motion for summary judgment. Appellee Adaeze Shavon Meka brought suit against the City pursuant to the Texas Tort Claims Act (the TTCA) for injuries she sustained in a car accident involving a vehicle driven by a City employee. *See* TEX. CIV. PRAC.

& REM. CODE § 101.021(1) (waiving sovereign immunity for personal-injury claims caused by negligence of governmental employee, acting within scope of his employment in operating motor-driven vehicle, if that employee would be personally liable to claimant). The City moved for summary judgment alleging that, because Meka failed to serve the City with citation before the running of the applicable statute of limitations, and because compliance with statutes of limitations is jurisdictional in suits against a governmental entity, the trial court lacked subject-matter jurisdiction. *See* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The trial court denied the motion for summary judgment, and the City filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

Because we conclude that Meka failed to meet a jurisdictional requirement that she serve the City within the applicable two-year statute of limitations, we reverse the trial court's order and render judgment dismissing Meka's suit against the City for lack of subject-matter jurisdiction.

## Background

This suit arises from a May 7, 2018 motor vehicle collision involving Meka, Christopher John Closure, Jamarcus Ward,[1] and Jean Alphone Dorelus, a City employee who was driving a City-owned vehicle at the time of the accident. On December 13, 2019, within the applicable two-year statute of limitations, Meka sued the City and Dorelus, alleging that she suffered personal injuries as a result of the accident. *See id.* § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). The City was never served with citation for Meka's original petition.

On January 7, 2021, Meka filed her first amended petition, alleging claims for personal injuries against Dorelus and the City under the TTCA based on the accident. Meka served the City with citation on January 11, 2021, eight months after the expiration of the two-year statute of limitations. The City answered and asserted a general denial as well as affirmative defenses, including immunity from suit and the statute of limitations contained in section 16.003 of the Texas Civil Practices and Remedies Code.

---

[1] Closure and Ward separately sued the City and Meka, and their lawsuit was eventually consolidated with Meka's later-filed lawsuit against the City and Dorelus. The trial court granted the City's motion to dismiss Dorelus under Section 101.106(e) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). Closure and Ward are not parties to this appeal.

On January 22, 2021, the City moved for traditional summary judgment on limitations and immunity. Specifically, the City argued that Meka's claims should be dismissed because she failed to serve the City with citation before the applicable limitations period had expired. Meka responded, arguing that she exercised diligence in attempting to serve the City and, alternatively, the Texas Supreme Court's Emergency Orders issued in response to the COVID-19 pandemic tolled the applicable statute of limitations until June 1, 2021. Because she filed and served the City before June 1, 2021, Meka argued that she complied with the limitations period and that the trial court should deny the City's motion for summary judgment.

The trial court held an oral hearing on the City's motion for summary judgment on December 10, 2021, and denied the City's motion the same day. The trial court did not state in its order the substantive grounds on which it denied the City's motion. On December 30, 2021, the City filed this timely interlocutory appeal.

On April 25, 2023, in *City of Houston v. Meka*, 695 S.W.3d 520 (Tex. App.—Houston [1st Dist.] 2023), *review granted, opinion vacated*, 697 S.W.3d 656 (Tex. 2024) (*Meka I*), a prior panel of this Court affirmed the trial court's judgment. On August 30, 2024, in *City of Houston v. Meka*, 697 S.W.3d 656 (Tex. 2024), the Texas Supreme Court vacated our judgment in *Meka I* and remanded for further proceedings in light of its May 3, 2024 decision in *Tex. State Univ. v. Tanner*, 689

4

S.W.3d 292 (Tex. 2024). In *Tanner*, the Texas Supreme Court overruled a decision on which this Court had relied in part in deciding *Meka I*.

**Appellate Jurisdiction**

In her appellee's brief, Meka contends that we lack appellate jurisdiction because compliance with the TTCA's statute of limitations is not jurisdictional. The City's summary judgment, according to Meka, did not raise a jurisdictional issue and the City's appeal therefore is not an authorized interlocutory appeal under Texas Civil Practice and Remedies Code Section 51.014(a)(8). Because this question implicates our appellate jurisdiction, we consider it first.

The City filed a motion for summary judgment in which it raised the issue of governmental immunity based on Meka's failure to serve the City with citation within the two-year limitations period applicable to Meka's TTCA claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from the "grant[] or deni[al] [of] a plea to the jurisdiction by a governmental unit[.]" *Id.* § 51.014(a)(8). Because the City's motion for summary judgment raised the issue of immunity, regardless of whether the motion was styled as a plea to the jurisdiction and regardless of whether we ultimately conclude that the City was entitled to dismissal based on immunity, we have appellate jurisdiction to hear the City's appeal. *See PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 n.1 (Tex. 2019) (holding

5

appellate court had jurisdiction over appeal from denial of combined plea to jurisdiction and motion for summary judgment, regardless of how pleading was styled, because substance of pleading raised sovereign immunity, which implicates subject-matter jurisdiction); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought."); *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) ("The reference to 'plea to the jurisdiction' [in Section 51.014] is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment.").

We turn to the merits of the City's appeal.

## Trial Court's Jurisdiction

The City argues that the trial court erred by refusing to dismiss Meka's claims despite Meka's failure to exercise diligence in serving the City with citation within the applicable limitations period. Meka responds that compliance with the statute of limitations and service of citation is not jurisdictional and, even if it was, the Texas

6

Supreme Court's Emergency Orders issued in response to the COVID-19 pandemic extended the statute of limitations.

## A. Section 16.003(a)'s Timely Service Requirement Is Jurisdictional

Sovereign immunity implicates a court's subject-matter jurisdiction, and because subject-matter jurisdiction is a question of law, we review the trial court's ruling on the City's motion for summary judgment de novo. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Houston v. McGriff*, 695 S.W.3d 377, 385 (Tex. App.—Houston [1st Dist.] 2022, no pet.). "Sovereign immunity bars suits against the state and its entities, and this immunity remains intact unless surrendered in express and unequivocal terms by a clear and unambiguous statutory waiver." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). Meka pleaded her case under the TTCA, which waives sovereign immunity for personal-injury claims caused by the negligence of an employee, acting within the scope of his employment in operating a motor-driven vehicle, if that employee would be personally liable to the claimant. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). Section 311.034 of the Code Construction Act, set forth in the Government Code, specifies that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034.

Under the Texas Supreme Court's decision in *Tanner*, decided after *Meka I*, we reject Meka's argument that compliance with the statute of limitations and service of citation are not jurisdictional. The supreme court held in *Tanner* that, in cases involving personal-injury claims against governmental entities that are governed by the two-year statute of limitations in section 16.003(a) of the Texas Civil Practice and Remedies Code, compliance with that statute of limitations is jurisdictional. *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 302 (Tex. 2024); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). In addition, noting that section 16.003(a)'s "bring suit" requirement encompasses both filing the petition and achieving service of process, the supreme court held that section 16.003(a)'s timely service requirement is also jurisdictional. *Tanner*, 689 S.W.3d at 300-02 (citing *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam)).

**B.     Meka Did Not Exercise Due Diligence in Serving the City**

However, the supreme court's holding in *Tanner* does not fully resolve the City's first issue on appeal. As the supreme court acknowledged, diligence in attempting service will still prevent the running of limitations for as long as a plaintiff truly labors to achieve service of process. *Tanner*, 689 S.W.3d at 298. We thus consider whether Meka's explanation for her failure to serve they City within

8

section 16.003(a)'s two-year statute of limitations shows a lack of diligence as a matter of law.

Once a defendant has affirmatively pleaded the defense of limitations and shown that service occurred after the limitations period, the burden shifts to the plaintiff to prove diligence. *NETCO, Inc. v. Montemayor*, 352 S.W.3d 733, 739 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Proulx*, 235 S.W.3d at 216). Diligence is determined by asking whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *Id.* (citing *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216). "Diligence normally raises a fact question, but a plaintiff's explanation may show a lack of diligence as a matter of law 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Tanner*, 689 S.W.3d at 302 (quoting *Proulx*, 235 S.W.3d at 216). "To avoid dismissal (or, in a non-jurisdictional context, a take-nothing judgment), a plaintiff must 'present evidence regarding the efforts that were made to serve the defendant, and to explain *every* lapse in effort or period of delay.'" *Id*. (quoting *Proulx*, 235 S.W.3d at 216; emphasis added in *Tanner*).

Here, Meka has not provided a reasonable explanation for each period of delay in serving the City. The parties do not dispute that the two-year statute of limitations commenced on May 7, 2018, that Meka filed suit on December 13, 2019, and that

9

Meka made two early unsuccessful attempts to serve the City, both within roughly a week of filing suit. Meka has provided no reasonable explanation why it then took her until January 7, 2021—long after the limitations period ended in May 2020—to successfully serve the City. In the trial court, she attributed her initial delay to "Christmas [being] only days away and the statute of limitations [being] still many months away." She stated that, then, in early 2020, "to the horror of the world, Covid-19 crept into the picture." She noted that, beginning on March 13, 2020, the Texas Supreme Court issued a series of COVID-related emergency orders that she claims extended the limitations period to June 1, 2021.

As discussed below, the Texas Supreme Court's emergency orders did not extend Meka's deadline to serve the City. She notes the timing of the COVID-19 pandemic, but does not explain how the pandemic interfered with any attempt to serve the City. Indeed, in response to the City's motion for summary judgment, Meka offered no evidence of any attempt to serve the City during the approximately thirteen-month period between December 19, 2019 and January 7, 2021, or even any inquiry regarding the status of service. We and other Texas courts have held that similar explanations for a delay in serving a defendant show a lack of diligence as a matter of law. *See Sealy IDV Thompson 10, LLC v. Harris Cnty. Appraisal Dist*., No. 01-22-00584-CV, 2024 WL 269531, at *2 (Tex. App.—Houston [1st Dist.] Jan. 25, 2024, no pet.) (mem. op.) (citing cases).

The trial court thus erred to the extent it denied the City's motion for summary judgment on the ground that the requirement that Meka bring suit against the City—including serving the City—within the two-year statute of limitations was not jurisdictional. In addition, the trial court's denial of the City's summary judgment motion cannot be upheld on the alternative ground that Meka did not meet that jurisdictional deadline despite her due diligence.

## C.     Texas Supreme Court's COVID-Related Emergency Order Did Not Extend Jurisdictional Deadlines

In the trial court, Meka argued as an alternative ground for denial of the City's summary judgment motion that she had served the City within the applicable statute of limitations as extended by the Texas Supreme Court's Thirty-Sixth Emergency Order Regarding the COVID-19 Disaster, 629 S.W.3d 897 (Tex. 2021).[2] At the hearing on the City's motion for summary judgment, the trial court stated: "[T]he Supreme Court has given us guidance in their emergency orders. And based on the instruction I have from the Supreme Court, I find that the service is timely and I am going to deny the motion for summary judgment on the basis of limitations." The City argues on appeal, as it did in the trial court, that the supreme court did not have

---

[2]     On appeal, an appellant must attack all independent bases or grounds that, if meritorious, would fully support a complained-of trial court order. *Dao v. Mission Bend Homeowners Ass'n, Inc.*, 667 S.W.3d 304, 319 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

11

the power to expand the trial court's jurisdiction beyond the scope of the relevant statutory waivers of sovereign immunity.

Under this Court's precedent, the City is correct that Texas Supreme Court's COVID-related emergency orders did not extend jurisdictional deadlines to create jurisdiction where it would not otherwise exist. *See John Gannon, Inc. v. Tex. Dep't of Transp.*, No. 01-22-00762-CV, 2024 WL 1513875, at \*6 (Tex. App.—Houston [1st Dist.] Apr. 9, 2024, pet. denied) (mem. op.) (holding in appeal transferred from the Austin Court of Appeals that emergency order did not give trial court discretion to extend 30-day deadline for petition under section 2001.176 of Texas Government Code, noting that "[e]ach court that has considered whether the emergency orders extend jurisdictional deadlines to create jurisdiction where it would not otherwise exist has answered the question in the negative"); *Choudry v. Choudry*, No. 01-20-00698-CV, 2021 WL 3556660, at \*1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet.) (mem. op.) (per curiam) (holding that emergency order did not extend deadline to file appeal, noting that "nothing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists"); *see also Harris Cnty. v. Davidson*, 653 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (reversing trial court's denial of county's motion for summary judgment on jurisdictional grounds because plaintiff had filed lawsuit

after jurisdictional deadline, reasoning that "the Supreme Court's Emergency Order does not create jurisdiction where none exists").

Thus, the trial court erred to the extent it denied the City's summary judgment motion based on Meka's argument that she had timely served the City under the Texas Supreme Court's Thirty-Sixth Emergency Order Regarding the COVID-19 Disaster.

## Conclusion

Having sustained the City's issues on appeal, we reverse the trial court's order denying the City's motion for summary judgment and render judgment dismissing Meka's lawsuit for lack of subject-matter jurisdiction.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.