

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00074-CV

Alison **MAYNARD** and Richard Carlisle,
Appellants

v.

Mark **BANKSTON**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-00306
Honorable Antonia Arteaga, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:      Lori I. Valenzuela, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: May 21, 2025

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED

Appellants Alison Maynard and Richard Carlisle appeal the trial court's order granting appellee Mark Bankston's motion to dismiss appellants' claims pursuant to the Texas Citizens Participation Act ("TCPA"). We affirm in part and reverse and render in part.

**BACKGROUND**

On November 5, 2020, appellants sued Bankston and a host of other defendants alleging they had conspired to illegally obtain and use appellants' private email communications relating to "research" into the December 2012 Sandy Hook elementary school shooting in Newtown, Connecticut. According to the lawsuit, appellants learned on or around February 12, 2020, that Bankston was in possession of emails between appellants and third parties discussing the Sandy Hook shooting and related legal proceedings against the "researchers." In addition to alleging that Bankston was in illegal possession of their emails,[1] appellants claimed Bankston improperly used the emails as a basis for a declaration filed in a Colorado attorney disciplinary proceeding against Maynard, who was formerly licensed to practice law in the state.

In his declaration, Bankston stated that the emails were produced to him during the discovery process of a topically related high-profile case he was pursuing against Infowars and celebrity personality Alex Jones. *See generally e.g., Jones v. Lewis*, No. 03-19-00423-CV, 2019 WL 5090500 (Tex. App.—Austin Oct. 11, 2019, pet. denied) (mem. op.); *see also generally Jones v. Heslin*, No. 03-20-00008-CV, 2020 WL 4742834 (Tex. App.—Austin Aug. 14, 2020, pet. denied) (mem. op.); *Jones v. Pozner*, No. 03-18-00603-CV, 2019 WL 5700903 (Tex. App.—Austin Nov. 5, 2019, pet. denied) (mem. op.). Bankston declares he provided the emails to attorney Jake Zimmerman, who had requested an investigation be opened by the disciplinary arm of the Colorado Supreme Court against Maynard. The basis for the investigation, it was alleged, was because Maynard was participating in the unauthorized practice of law by improperly providing legal services to individuals, or "researchers," who were contesting the validity of the Sandy Hook

---

[1] By amended and supplemental petitions filed in 2023, appellants additionally claimed some of the defendants violated their rights under the Stored Communications Act. *See* 18 U.S.C. § 2707.

shooting. *See generally* COLO. R. CIV. P. 242.13; *id.* R. 242.5. Maynard was ultimately disbarred from practicing law in Colorado.

On May 25, 2023, appellants moved for a default judgment against Bankston asserting that Bankston was served with their lawsuit on April 27, 2023, and neither answered nor appeared. The same day, Bankston filed an answer and moved to dismiss appellants' claims pursuant to the TCPA. In his TCPA motion, Bankston described the nature of the litigation, including the Colorado disciplinary proceedings against Maynard and his declaration provided to Zimmerman in support of the investigatory request into Maynard.

After a hearing, the trial court granted Bankston's TCPA motion, dismissed appellants' claims against Bankston, and awarded Bankston attorney's fees and sanctions. Appellants appealed.

## THE TEXAS CITIZENS PARTICIPATION ACT

*Applicable Law and Standard of Review*

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. Under the TCPA, a party may file a motion to dismiss a legal action if the "legal action is based on or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association[.]" *Id.* § 27.003(a).

The filing of a TCPA motion triggers a three-step resolution process with shifting burdens. First, the movant must demonstrate that the TCPA applies. *See id.* § 27.005(b). To meet this burden, the movant must demonstrate that the nonmovant's legal action is based on or is in response to the movant's exercise of a right to associate, speak freely, or petition. *Id.* If the movant

meets its initial burden, the burden then shifts to the party bringing the legal action to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish, as a matter of law, any valid affirmative defense. *Id.* § 27.005(d). In making a TCPA determination, the trial court considers the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Id.* § 27.006(a); TEX. R. CIV. P. 166a (stating evidence trial court may consider in summary judgment proceeding). We review *de novo* whether the parties have met their respective TCPA burdens. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019).

"[A] TCPA motion to dismiss is not a trial on the merits and is not intended to replace either a trial or the summary judgment proceeding established by the Texas Rules of Civil Procedure." *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 215 (Tex. App.—Eastland 2019, pet. denied); *see also West v. Quintanilla*, 573 S.W.3d 237, 243 n.9 (Tex. 2019) ("A finding that [non-movant] has met his TCPA burden does not establish that his allegations are true."). Accordingly, we do not resolve any issues unrelated to the purpose of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.002.

*Analysis*

In his TCPA motion, Bankston asserted that his communication—i.e., his declaration in support of an investigation by the disciplinary arm of the Colorado Supreme Court—was made in a judicial proceeding, and, as such, he was exercising his right to petition. Likewise, Bankston also contended that appellants' claims in the underlying lawsuit implicated his right to free speech on a matter of public concern—i.e., Maynard's unauthorized practice of law. Addressing TCPA steps two and three, Bankston argued that appellants could not establish a prima facie case for each

essential element of their claims, and even if they could, he was entitled to judgment as a matter of law on his asserted affirmative defenses and immunity claims. In response, appellants conclude that the TCPA does not apply to their claims against Bankston, and even if it did, that appellants provided clear and specific evidence of their claims, and Bankston was not entitled to judgment as a matter of law on any of his affirmative defenses or assertions of immunity. Because the parties dispute all three TCPA steps, we address each step in turn.

*Step One: TCPA Applicability*

Under the first step, Bankston had the initial burden to show that appellants' "legal actions" were based on or were in response to Bankston's use and disclosure of appellants' emails through his declaration filed in support of the Colorado disciplinary proceeding. It is undisputed that the underlying lawsuit constitutes a "legal action" under the statute. *See id.* § 27.001(6) (defining "legal action" as used in the statute as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief."). The parties do dispute, however, whether appellants' legal action implicates Bankston's right to petition and right to free speech.

The TCPA allows for a dismissal of a legal action that is "based on or is in response to a party's exercise" of their right to free speech or right to petition. *Id*. § 27.003(a). As to the former, "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern." *Id*. § 27.001(3). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). "Matter of public concern" means a statement or activity regarding:

> (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;
> (B) a matter of political, social, or other interest to the community; or
> (C) a subject of concern to the public.

*Id.* § 27.001(7). "'Based on or in response to' is not defined in the statutory scheme." *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 275 (Tex. App.—Tyler 2021, pet. denied). Without a statutory definition, Texas courts "have stated that the TCPA's required nexus is satisfied at minimum for legal actions that 'are factually predicated on' allegations of conduct that fall within one of the TCPA's protected rights." *Id.* at 276 (citations omitted).

As to the latter, the TCPA allows for a dismissal of a legal action that is "based on or is in response to a party's exercise of the . . . right to petition." TEX. CIV. PRAC. & REM. CODE § 27.003(a). The TCPA defines "exercise of the right to petition" as including "a communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4)(A)(i). In addition to "a communication in or pertaining to . . . a judicial proceeding," the TCPA defines "exercise of the right to petition" as "a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." *Id.* § 27.001(4)(C).

"In determining whether the TCPA is applicable, we conduct 'a holistic review of the pleadings.'" *Baylor Scott & White*, 633 S.W.3d at 277 (quoting *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018)). "Our analysis is not constrained by the 'precise legal arguments or record references' made by the moving party regarding the TCPA's applicability." *Id*. "Rather, our focus is 'on the pleadings and on whether, as a matter of law, they are based on or [in response to] a matter of public concern.'" *Id*. "In the final analysis then, '[w]hen it is clear from the [nonmovant's] pleadings that the action is covered by the [TCPA], the [movant] need show no more.'" *Id*.

Here, the gravamen of appellants' claims against Bankston for violating the Federal Wiretap and Stored Communications Acts is that Bankston, along with other defendants,

conspired[2] to intercept appellants' email communications regarding the Sandy Hook shooting and then used and attached the emails as support for his declaration filed in the Colorado disciplinary proceeding against Maynard. It is undisputed that the emails exchanged between appellants and others were widely publicized and garnered substantial press coverage during the trial of Infowars and Alex Jones. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(1). The record reveals Bankston acquired the emails from Jones's attorney during the parties' exchange of discovery in the related lawsuit. Emphatically, "[t]he communications at issue forming the basis of the suit have at least a tenuous, remote, or tangential relationship to a matter of public concern." *Baylor Scott & White*, 633 S.W.3d at 277. Therefore, based on the unique facts of this case, Bankston's acquisition and use of appellants' emails falls within his right to speak freely. We additionally conclude that Bankston's declaration in the Colorado disciplinary proceeding is within the scope of the TCPA, but for a different reason.

As to Bankston's declaration, a review of his declaration demonstrates that Maynard's alleged unauthorized practice of law was "reasonably likely to encourage consideration or review of an issue" by the State of Colorado's attorney disciplinary enforcement arm. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4)(C); *see also generally* COLO. R. CIV. P. 242.25; *id.* R. 242.6. By stating in their petition that they learned about Bankston's declaration by reading the Colorado disbarment report, appellants appear to concede that their claims are in response to Bankston's declaration filed in the proceeding. *See generally Unauthorized Practice of Law Comm. v. Am. Home Assur. Co., Inc.*, 261 S.W.3d 24, 30 (Tex. 2008) (noting the procedures and protocols established by the Texas Supreme Court and Legislature to protect the public from the unauthorized practice of law);

---

[2] Because civil conspiracy is "derivative" of appellants' other claims, we do not address it separately. *See Jones v. Pozner*, No. 03-18-00603-CV, 2019 WL 5700903, at *1 n.2 (Tex. App.—Austin Nov. 5, 2019, pet. denied) (mem. op.).

TEX. GOV'T CODE § 81.101(a) (defining the "unauthorized practice of law" as "the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined."). Therefore, based on the pleadings, Bankston's declaration implicated his right to petition within the meaning of the TCPA.

Finally, appellants argue that their causes of action are not within the bounds of the TCPA because Bankston's alleged use and disclosure of their emails is illegal. We reject appellants' attempt to shift their TCPA step two burden to Bankston. *Robles v. Nichols*, 610 S.W.3d 528, 535 (Tex. App.—El Paso 2020, pet. denied); *see also Bartnicki v. Vopper*, 532 U.S. 514, 525 (2001) (holding substance of illegally intercepted communications, although the defendant did not know who recorded the communications, was a matter of public concern because if the statements had been made in the public arena, they would have been newsworthy).

We conclude that Bankston met his TCPA step one burden. As a result, he was entitled to file a motion to dismiss challenging the sufficiency of appellants' claims. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a); *Doe v. Cruz*, 683 S.W.3d 475, 491 (Tex. App.—San Antonio 2023, no pet.).

### *Steps Two and Three: Prima Facie Case and Bankston's Affirmative Defenses*

Because Bankston demonstrated that the TCPA applies, the burden shifted to appellants to establish by clear and specific evidence a prima facie case for each essential element of their claims. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). If appellants did so, then their "legal actions," nevertheless, must be dismissed if Bankston "establishe[d] an affirmative defense or other grounds on which [he] is entitled to judgment as a matter of law." *Id.* § 27.005(d).

"Neither the TCPA nor common law define 'clear and specific evidence.'" *Straehla v. AL Glob. Servs., LLC*, 619 S.W.3d 795, 803 (Tex. App.—San Antonio 2020, pet. denied). "Clear" and "specific" "mean, for the former, 'unambiguous,' 'sure,' or 'free from doubt' and, for the latter, 'explicit' or 'relating to a particular named thing.'" *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). Clear and specific evidence requires "enough detail to show the factual basis" of the claim, but it does not "impose an elevated evidentiary standard," "categorically reject circumstantial evidence," or "impose a higher burden of proof than that required of the plaintiff at trial." *Id.* at 591. A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590. "It is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (citation omitted).

Here, we move to step three because, regardless of whether appellants can establish a prima facie case for each of their claims, we ultimately conclude that Bankston is entitled to judgment as a matter of law on his affirmative defense of statute of limitations.[3]

### 1. *Statute of Limitations*

A statute of limitations is an affirmative defense. *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019); *see also Harris Cnty. v. Deary,* 695 S.W.3d 566, 572 (Tex. App.—Houston [1st Dist.] 2024, no pet.) ("When a plaintiff sues for federal claims in a state court, we apply federal substantive law and state procedural law to those claims."). The applicable statute of limitations for appellants' claims is two years after a claimant discovered or had a reasonable opportunity to discover the alleged wrong. *See* 18 U.S.C. § 2520(e); *id*. § 2707(f); *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 145 (Tex. 2019) ("Because a civil conspiracy claim is derivative of an underlying tort, the claim accrues when the underlying tort accrues."). Neither

---

[3] Having concluded Bankston established the affirmative defense of statute of limitations as a matter of law, we need not address his remaining asserted affirmative defenses and claims of immunity. *See* TEX. R. APP. P. 47.1.

party disputes that appellants filed their lawsuit within the applicable statute of limitations. The statute of limitations issue revolves around whether appellants diligently attempted to serve Bankston after filing their lawsuit.

Appellants' pleadings claim they discovered Bankston's alleged wrongs on or about February 12, 2020. Accordingly, the statute of limitations ran on appellants' claims on or about February 12, 2022. It is undisputed that Bankston was not served with appellants' lawsuit until over a year after the expiration of appellants' claims—on April 27, 2023. Nevertheless, "[i]f a party files its petition within the limitations period, service outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). "When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence." *Id*. "Diligence is determined by asking whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* (internal quotations omitted). "Although a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, when one or more lapses between service efforts are unexplained or patently unreasonable." *Id*. "Thus, [appellants have] the burden to present evidence regarding the efforts that were made to serve [Bankston], and to explain every lapse in effort or period of delay." *Id.*

Here, Bankston pled the affirmative defense statute of limitations in his answer. Applying Texas procedural law, appellants failed to provide an evidence-based explanation for their failure to diligently serve Bankston following the expiration of the statute of limitations. *Id.* Although appellants incorrectly allege that Bankston failed to name the affirmative defense properly and that their claims provide no deadline for service, only a deadline to file an action, it is state procedural law we follow when determining substantive federal claims asserted in state court. *Deary,* 695

S.W.3d at 572; *see also McKesson v. Doe,* 592 U.S. 1, 5 (2020) ("Our system of 'cooperative judicial federalism' presumes federal and state courts alike are competent to apply federal and state law."). Likewise, appellants do not provide authority for their contention that a Texas state court is preempted from applying Texas procedural law to appellants' federal claims. *See Deary*, 695 S.W.3d at 572 ("State courts have concurrent jurisdiction to decide cases arising under federal law unless Congress expressly precludes state court jurisdiction."). Accordingly, Bankston established the affirmative defense of statute of limitations. Therefore, Bankston met his TCPA step three burden and was entitled to a dismissal of the underlying lawsuit. We affirm the trial court's order in this respect.

*Attorney's Fees, Court Costs, and Sanctions*

Finally, appellants argue the trial court abused its discretion by (1) awarding Bankston attorney's fees for his *pro se* representation and (2) awarding sanctions against appellants.[4]

Section 27.009 of the TCPA provides:

(a) Except as provided by Subsection (c), if the court orders dismissal of a legal action under this chapter, the court:

(1) shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action; and

(2) may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

TEX. CIV. PRAC. & REM. CODE § 27.009(a), (b).

---

[4] Appellants additionally request this court allow appellants conduct to discovery into the reasonableness of Bankston's fees. Appellants fail to cite authority in support of this argument. *See* TEX. R. APP. P. 38.1(i).

### 1. *Bankston is Not Entitled to Attorney's Fees for Pro Se Representation*

Appellants contend Bankston is not entitled to an award of attorney's fees because he represented himself *pro se* in the trial court and on appeal. The trial court awarded Bankston the following attorney's fees:

> Pursuant to TEX. CIV. PRAC. & REM. CODE 27.009(a), Defendant Mark Bankston shall be awarded the reasonable value of legal services incurred in defending the lawsuit. Accordingly, the Court HEREBY ORDERS that [appellants] are jointly and severally liable to Defendant Mark Bankston for attorneys' fees in the following amounts: For representation in the trial court: $26,325.00; For representation through the court of appeals: $31,500.00; For representation at the petition for review stage in the Supreme Court of Texas: $12,600.00; For representation at the merits briefing stage in the Supreme Court of Texas: $13,500.00; and/or For representation through oral argument and the completion of proceedings in the Supreme Court of Texas: $7,200.00. The Court finds the above awards of attorneys' [sic] fees to be reasonable and necessary for Defendant Mark Bankston's defense of [appellants'] claims against him in this proceeding.

Section 27.009(a)(1) requires reasonable attorney's fees to be awarded to a party when fees are "incurred in defending against the legal action." *Id.* § 27.009(a)(1). "A fee is incurred when one becomes liable for it." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). Because Bankston represented himself *pro se* in the underlying proceeding and on appeal, he never became liable for fees for the services performed. *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 300 (Tex. 2011) (holding attorney who did not incur fees as a *pro se* litigant was not entitled to fees); *see also Cruz v. Van Sickle*, 452 S.W.3d 503, 522–25 (Tex. App.—Dallas 2014, pet. struck) (holding attorney's *pro bono* representation meant client did not incur fees). Bankston represented himself *pro se* in the trial court and in this court, and the only evidence in the record to support the amount of awarded incurred attorney's fees is an affidavit from Bankston in which he attests to his own work on this case and his hourly rate. This being the case, Bankston did not become liable for

attorney's fees under the statute and, thus, cannot recover them.[5] Accordingly, we reverse the trial court's award of attorney's fees in this respect.

### 2. Sanctions

Addressing the sanctions awarded to Bankston, appellants argue the trial court abused its discretion because the reasoning in its order does not support the basis for sanctions levied against them. As for the basis for sanctions, the trial court's order states:

> Pursuant to Tex. Civ. Prac. & Rem. Code 27.009(b), the Court finds that sanctions are appropriate to deter [appellants] from bringing similar actions and HEREBY ORDERS that [appellants] are each sanctioned $2500.00, and said amounts are to be paid to Defendant Mark Bankston within 30 days of the signing of this order.

"We review sanctions awards in TCPA cases for abuse of discretion." *ADB Interest, LLC v. Wallace*, 606 S.W.3d 413, 443 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). A trial court abuses its discretion in awarding sanctions only if it "acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

Bankston posits that the trial court's citation to Texas Civil Practices & Remedies Code section 27.009 subsection (b), rather than subsection (a)(2), was a clerical error or "a scrivener's error" that should not affect the validity of the sanction order. Relying on the language of subsection (b), appellants argue there is no basis for the trial court's sanctions order because subsection (b) only operates to award sanctions to nonmovants for a frivolous motion or one intended solely for delay.

---

[5] We express no view on the sufficiency of the evidence supporting the trial court's awarded amount of contingent appellate attorney's fees. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020) ("At the point when fees are awarded by the trial court, any appeal is still hypothetical. There is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues the appellant chooses to raise.").

"Black's Law Dictionary defines 'scrivener's error' as a synonym for 'clerical error.'" *Odom v. Coleman*, 615 S.W.3d 613, 628 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Scrivener's Error*, BLACK'S LAW DICTIONARY (12th ed. 2024). "A 'clerical error' is one 'resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.'" *Odom*, 615 S.W.3d at 628; *Clerical Error*, BLACK'S LAW DICTIONARY (12th ed. 2024); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 109 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) ("[A] clerical error is one made in the transcription or entry of a judgment that causes the judgment to incorrectly state what was actually rendered.").

Here, the trial court's order recites the applicable standard for awarding Bankston sanctions pursuant to subsection (a)(2). TEX. CIV. PRAC. & REM. CODE § 27.009(a)(2) (stating the court "may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions[.]"). Bankston's TCPA motion and the appellate record evidence appellants' involvement in similar litigation in Texas and throughout the country. Having reviewed the entire record, we conclude the citation to the incorrect subsection of the TCPA statute to be a mere clerical error and reform the order to reflect the trial court's intent arising from the record—sanctions awarded pursuant to Texas Civil Practices & Remedies Code section 27.009(a)(2). *See* TEX. R. APP. P. 43.2(b); *Jordan-Nolan v. Nolan*, No. 07-12-00431-CV, 2014 WL 3764509, at *3 (Tex. App.—Amarillo July 28, 2014, no pet.) (mem. op.) ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record."); *c.f. Keating v. Keating,* No. 02-20-00271-CV, 2022 WL 187985, at *7 (Tex. App.—Fort Worth Jan. 20, 2022, no pet.) (mem. op.) (holding argument

that error in judgment was clerical was unsupported by the record). Accordingly, we affirm this portion of the trial court's order as modified.

## CONCLUSION

We affirm the trial court's order applying the TCPA to appellants' legal action and dismissing the underlying lawsuit. We modify the portion of the trial court's order granting sanctions to reflect the sanctions granted pursuant to Texas Civil Practices & Remedies Code 27.009(a)(2). We reverse the trial court's award of attorney's fees in connection with Bankston's *pro se* self-representation in the trial court and in this court.

Lori I. Valenzuela, Justice